NO. 07-00-0373-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 18, 2000

_____

JEANNETTE MITCHELL EMMERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 7141; HONORABLE JERRY DAN HEFLEY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On July 24, 2000, a copy of a Notice of Appeal in cause No. 7141 in the County Court of Wheeler County, Texas (the trial court), was filed with the clerk of this court. The Notice of Appeal gives notice that Jeanetta Emmert desires to appeal from a conviction and sentence in such court and cause number. On August 8, 2000, a docketing statement was filed with the clerk of this court which sets out that Jeannette Mitchell Emmert is the appellant in this appeal, the State of Texas is the appellee, and that the appeal is from a judgment dated July 11, 2000.

On September 21, 2000, a request for extension of time for filing the clerk's record was filed with the clerk of this court. By such request, the County Clerk of Wheeler County advised that the clerk's record had not been paid for because a disagreement had arisen as to whether the record had to be paid for by or on behalf of appellant. An extension of time was granted for filing the clerk's record until October 11, 2000. The clerk's record has not been filed.

On October 16, 2000, the clerk of this court received a notice from the County Clerk of Wheeler County that the clerk's record has not been paid for, and that the record will not be forwarded to the appellate court for filing. The clerk's record in this court reflects no other action by any party to the appeal to prosecute the appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk's record furnished without charge; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's record will be promptly filed and that the appeal will be diligently pursued. If the trial court determines that the present

2

attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than November 27, 2000.

Per Curiam

Do not publish.